J-S15034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH C. CORBETT, III | |
| Appellant | No. 1155 MDA 2014 |

Appeal from the Judgment of Sentence May 20, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000892-2010
CP-40-CR-0000893-2010
CP-40-CR-0002655-2010

BEFORE: LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                   **FILED MARCH 09, 2015**

Appellant Joseph C. Corbett, III ("Appellant") appeals from the May 20, 2014 judgment of sentence in the Luzerne County Court of Common Pleas following his guilty plea convictions for firearms not to be carried without a license[1] and possession of a controlled substance with intent to deliver ("PWID")[2] on Docket No. CP-40-CR-0002655-2010, one count of resisting arrest[3] on Docket No. CP-40-CR-0000892-2010, and one count of

_____

[1] 18 Pa.C.S. § 6106.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 5104.

resisting arrest on Docket No. CP-40-CR-0000893-2010.  Appellant's counsel has filed an ***Anders***[4] brief, together with a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

Appellant's convictions arise from three separate incidents: (1) on March 5, 2010, Appellant resisted police after receiving notification that he was under arrest on a South Carolina warrant; (2) on March 9, 2010, Appellant fled police on foot during an automobile stop; and (3) on July 23, 2010, upon observing a firearm protruding from his pants, police detained Appellant and discovered an unlicensed firearm and marijuana.  ***See*** N.T. 5/20/2014, pp. 8-9.

Appellant pleaded guilty to the aforementioned charges stemming from these incidents on May 20, 2014.  The trial court sentenced Appellant to 15 to 36 months' incarceration on the firearms not to be carried without a license conviction, 2 years' consecutive probation on the PWID conviction, and one year of probation for each of the resisting arrest convictions to be served concurrently to the PWID probation.  On May 28, 2014, Appellant filed a post-trial motion to modify sentence that the trial court denied on

---

[4] ***Anders v. California***, 386 U.S. 738 (1967).

June 10, 2014. Appellant filed a notice of appeal on July 7, 2014. Appellant complied with Pa.R.A.P. 1925,[5] as did the trial court.[6]

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to **Anders v. California** and its Pennsylvania counterpart, **Commonwealth v. Santiago**.[7] Before addressing the merits of Appellant's underlying issue presented, we must first pass on counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

[5] Although styled as a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, Appellant's filing indicated that counsel intended to file an **Anders** brief in this matter. It was therefore technically a Pa.R.A.P. 1925(c)(4) statement.

[6] In light of Appellant's Pa.R.A.P. 1925(b) filing, the trial court's 1925(a) filing determined Appellant had failed to preserve any issues for review. **See** Trial Court's July 22, 2014 filing pursuant to Pa.R.A.P. 1925(a). The trial court further explained that the sentencing hearing transcript contains the court's reasons for the sentence imposed. **Id.**

[7] 978 A.2d 349 (Pa.2009).

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the *Anders* brief. The petition states counsel's determination that no non-frivolous issues exist to be raised on appeal. *See* Petition to Withdraw As Counsel, ¶ 3. The petition further explains that counsel notified Appellant of the withdrawal request and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit.[8] *See id.*

---

[8] The letter further makes clear that counsel supplied Appellant with a copy of the *Anders* brief. *See* Letter to Appellant, December 3, 2014.

at ¶ 4; *see also* Letter to Appellant, December 3, 2014. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. *See Anders* Brief, pp. 4-8. Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the *Anders* brief:

> 1. Whether the Trial Court abused its discretion in sentencing Appellant[?]

*Anders* Brief, p. 7.

This claim raises a challenge to the discretionary aspects of Appellant's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4)

- 5 -

whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Allen***, 24 A.3d at 1064. "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Fiascki***, 886 A.2d 261, 263 (Pa.Super.2005). "Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa.Super.2003).

Here, Appellant filed a timely notice of appeal and preserved his issues in a motion for reconsideration of sentence. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f).[9] ***See*** Appellant's Brief, p. 3. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the

---

[9] Appellant's Rule 2119(f) statement states:

> The trial court abused its discretion in failing to sentence the Appellant to time served. The court failed to consider that Appellant had already served substantial time, and that he intended to relocate to North Carolina, and that said sentence will cause him expense and great inconvenience. Appellant alleges that these issues constitute a substantial question.

Appellant's Brief, p. 3.

claim. *See* Pa.R.A.P. 2119(f); ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa.Super.2013) *(internal citations omitted)*; ***see also*** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." ***Id.*** A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id.***; ***see also Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa.Super.2013). Additionally, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super.2013); ***see also Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa.Super.2011) ("argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review."); ***Commonwealth v. Ladamus***, 896 A.2d 592, 595 (Pa.Super.2006) ("[A]ppellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a

substantial question sufficient to justify appellate review of the merits of such claim.").

In his Pa.R.A.P. 2119(f) statement, Appellant alleges that the trial court abused its discretion in failing to sentence him to time served because he (1) had already served substantial time, and (2) probationary requirements would hinder his intended relocation to North Carolina. *See* Appellant's Brief, p. 3. Appellant's claim effectively requests this Court to substitute our judgment for that of the sentencing court and to determine whether the alleged mitigating factors warrant an alteration of sentence. Therefore, this claim does not present a substantial question for this Court's review.

Even had Appellant stated a substantial question for review, we would affirm on the merits. We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. Instead, the trial court imposed a sentence that

was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b).

In imposing sentence, the trial court considered the sentencing guidelines, the pre-sentence investigation report,[10] the arguments of counsel, Appellant's testimony, the testimony of Appellant's mother, Appellant's age, his criminal history, his rehabilitative needs, and his acceptance of responsibility.  N.T. 5/20/2014, pp. 10-37.  The trial court then sentenced Appellant to a standard range sentence[11] with a reporting date 20 days in the future to allow him to aid his grandmother in a real estate transaction in North Carolina on June 2, 2014.  **See** N.T. 5/20/2014, pp. 22-25, 32-34.[12]  We find no abuse of discretion in the trial court's sentencing.

---

[10] We note that where a sentencing court had the benefit of a presentence investigation report, we can assume the sentencing court was aware of relevant information contained therein and weighed that information along with any mitigating factors.  **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super.2010).

[11] **See Moury**, 992 A.2d at 171 ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

[12] We further note the trial court stated it had no objection to transferring Appellant's probationary supervision to another jurisdiction in the event Appellant relocates.  **See** N.T. 5/20/2014, p. 24.

Given the foregoing, Appellant has not raised a substantial question regarding the appropriateness of his sentence. Further, even if he had raised a substantial question for review, his claim would fail on the merits. Accordingly, we agree with counsel that Appellant's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015