J-S55016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LORENZO MILLS, | |
| Appellant | No. 58 WDA 2015 |

Appeal from the Judgment of Sentence Entered December 15, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002190-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 09, 2015**

Appellant, Lorenzo Mills, appeals from the judgment of sentence of 52 to 104 months' incarceration, imposed after he pled guilty to robbery. Appellant seeks to raise one issue challenging the discretionary aspects of his sentence.  Additionally, his counsel, Emily M. Merski, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On November 4, 2014, Appellant (who was then represented by Maria Jean Krupicz, Esq., of the Erie County Office of the Public Defender) entered

_____

[*] Retired Senior Judge assigned to the Superior Court.

an open guilty plea to robbery, based on his involvement in a bank robbery in Erie, Pennsylvania, during which he told an employee of the bank that he had a gun. N.T. Plea, 11/4/14, at 9. On December 15, 2014, Appellant was sentenced to a term of 52 to 104 months' incarceration for that offense. He did not file a post-sentence motion. However, Appellant filed a timely notice of appeal. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On May 29, 2015, Attorney Merski, also an Erie County public defender, entered her appearance with this Court on Appellant's behalf. On June 25, 2015, she filed with this Court a petition to withdraw from representing Appellant. She has also filed an **Anders** brief, asserting that Appellant's sentencing issue is frivolous, and that he has no other non-frivolous issues he could assert on appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Merski's ***Anders*** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's sentencing claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Merski also states in her petition to withdraw that she has supplied Appellant with a copy of her ***Anders*** brief, and she attaches a letter directed to Appellant in which she

informs him of the rights enumerated in **Nischan**.[1] Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's sentencing issue is frivolous, and to ascertain if there are any other non-frivolous issues Appellant could pursue on appeal.

According to Attorney Merski, Appellant avers that the sentencing court abused its discretion by failing to consider the factors set forth in 42 Pa.C.S. § 9721(b), and by imposing a sentence that "conflicts with the objectives" of that provision. **Anders** Brief at 5. Section 9721(b) requires the court to impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Appellant's argument implicates the discretionary aspects of his sentence. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1041 (Pa. Super. 2013). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the

_____

[1] We note, however, that in her petition to withdraw, Attorney Merski states that her **Anders** brief "addresses the issues involved in this case which question *the sufficiency and weight of the evidence* and/or the other issues of arguable merit in this case, if any." Petition, 6/24/15, at 1 (unnumbered; emphasis added). In light of the fact that Appellant pled guilty, we assume that this sentence was a typographical error by counsel, and not an indication that Appellant sought to raise sufficiency and weight claims on appeal.

trial judge during the sentencing proceedings." ***Id.*** at 1042. "Absent such efforts, an objection to a discretionary aspect of sentence is waived." ***Id.*** (citation omitted). Here, the record demonstrates that Appellant did not assert the sentencing issue he raises herein at the time of sentencing, or in a post-sentence motion. Consequently, his sentencing claim is waived, and Appellant's asserting this issue on appeal would be frivolous.

We note that Attorney Merski does not discuss the waiver of Appellant's sentencing issue in her ***Anders*** brief; instead, she assesses the underlying merits of that claim and concludes it is frivolous. Had Appellant not waived his sentencing challenge, we would agree with Attorney Merski's assessment for the following reasons.

> It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right. ***Commonwealth v. McNear***, 852 A.2d 401, 407 (Pa. Super. 2004). Before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke the Court's jurisdiction, must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal. Pa.R.A.P. 2119(f); ***see Commonwealth v. Hudson***, 820 A.2d 720, 727 (Pa. Super. 2003).
>
> > [W]here the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, [ ] such a statement [will] be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.
>
> ***Commonwealth v. Mouzon***, 571 Pa. 419, 435, 812 A.2d 617, 627 (2002) (plurality) (citations omitted).

- 5 -

***Commonwealth v. Ladamus***, 896 A.2d 592, 595 (Pa. Super. 2006).

Here, Attorney Merski has included a Rule 2119(f) statement in her ***Anders*** brief, asserting that Appellant's claim that the sentencing court failed to consider the 9721(b) factors in fashioning his sentence constitutes as substantial question for our review. ***Anders*** Brief at 5. We agree. ***See Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006).

However, we would conclude that Appellant's argument is frivolous, as the record clearly demonstrates that the court considered the required factors and imposed a sentence within the standard range of the Sentencing Guidelines. At the sentencing proceeding, defense counsel informed the court of Appellant's age, family history, background of military service, education and work history, and the circumstances of his prior criminal record. N.T. Sentencing, 12/15/14, at 6-8. Counsel also discussed Appellant's drug addiction and mental health issues. ***Id.*** at 7-10. Defense counsel informed the court that "[t]he standard range guidelines … are 48 to 60 months" and requested that the court impose a "low end standard range sentence." ***Id.*** at 9. The court then heard from Appellant, who apologized for his actions. ***Id.*** 10-11. The Commonwealth also presented its argument that, in light of Appellant's criminal history and the seriousness of his current offense, the court should impose a standard range sentence in the "higher end." ***Id.*** at 11.

After hearing this testimony, the court stated that it "considered the presentence investigative report in its entirety," as well as "the Pennsylvania Sentencing Code and all its factors, the guidelines, and the various statements" made to the court that day. *Id.* at 12. The court emphasized that Appellant committed a "very serious offense" which impacted the victim, who was employed at the bank that Appellant robbed. *Id.* at 12. The court also stated that it "considered [Appellant's] background and rehabilitative needs," his "significant prior [criminal] history," and his "drug and alcohol problem…." *Id.* at 12-13. The court acknowledged that Appellant's crime "may well have been fueled by [his] drug addiction[,]" but reasoned that that fact "doesn't excuse it…." *Id.* at 13. The court then stated that Appellant has "rehabilitative potential" but must "address … [his] drug usage." *Id.* The court also noted that Appellant entered a guilty plea, which "saved the victim from having to testify, and the Commonwealth from having to go through the cost of a trial." *Id.* "Based on all of those factors," the court imposed a minimum sentence within the standard range, and only four months above that which defense counsel requested.

This record convinces us that the court considered the protection of the public, the gravity of Appellant's offense, his rehabilitative needs, and other pertinent factors in fashioning a reasonable, standard range sentence. Therefore, even had Appellant preserved his discretionary aspects of sentencing challenge, we would agree with Attorney Merski that it is

frivolous. Additionally, our review of the record reveals no other non-frivolous issues Appellant could assert on appeal.[2] Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

P.J.E. Ford Elliott joins this memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015

_____

[2] We note that on August 24, 2015, Appellant filed a *pro se* brief with this Court. Therein, he presents the exact same claims recently deemed meritless by this Court in **Commonwealth v. Stultz**, 114 A.3d 865 (Pa. Super. 2015), namely that: (1) "because the 1968 Pennsylvania Constitution contains no savings clause, he was prosecuted under criminal statutes that were legally inoperative upon ratification of that constitution[;]" (2) "since there is no express state constitutional provision providing authority to enact a state crimes code, the trial court lacked jurisdiction[;]" and (3) "he was prosecuted under statutes that lacked an enacting clause." **Id.** at 873. Based on our holding in **Stultz**, it is frivolous for Appellant to assert these same arguments herein.