J-S38042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE ELIA DIAZ | |
| Appellant | No. 2727 EDA 2015 |

Appeal from the Judgment of Sentence June 5, 2012
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002870-2011
CP-39-CR-0002871-2011

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 20, 2016**

Appellant Jose Elia Diaz ("Appellant") appeals from the June 5, 2012 judgment of sentence entered in the Lehigh County Court of Common Pleas following his guilty plea to rape (forcible compulsion)[1] and burglary[2] at CP-39-CR-0002870-2011 and aggravated assault[3] at CP-39-CR-0002871.  After careful review, we affirm.

On the morning of April 25, 1997, Appellant, wearing a mask and armed with a knife, snuck into the home where his 15-year old

---

[1] 18 Pa.C.S. § 3121(a)(1).

[2] 18 Pa.C.S. § 3502(a).

[3] 18 Pa.C.S. § 2702(a)(1).

stepdaughter[4] lived with her aunt, and attacked, bound, gagged, and perpetrated two violent rapes on his stepdaughter in her upstairs bedroom.

One of the victim's friends entered the bedroom, saw the victim bound on the bed, saw and identified Appellant as the victim's stepfather,[5] screamed, and ran down the stairs. Appellant followed, grabbed the friend by the hair, and dragged her back upstairs to the victim's room while attempting to stab her with a knife. As Appellant chased the friend, the victim freed her hands, pulled down her gag, and retrieved a gun from a drawer in her room. The victim pointed the gun at Appellant and yelled at him to release her friend. When the friend was free, the victim instructed her to call 911. The friend ran out of the house and called 911. The victim attempted to shoot Appellant, but the safety was engaged on the gun. Next, the victim grabbed various household items, including vases and perfume bottles, and threw them at Appellant, who turned and fled. Before he fled, the victim was able to identify Appellant as her stepfather. Appellant remained at large until his apprehension in 2011.

---

[4] The victim's mother was Appellant's long-time girlfriend. Although Appellant and the victim's mother, his long-time girlfriend, never married, all involved viewed Appellant and the victim's relationship as that of stepfather and stepdaughter.

[5] Appellant's mask had partially dislodged at this point in the attack.

On March 5, 2012, Appellant pled guilty to rape, burglary, and aggravated assault.[6]  Following the preparation of a presentence report and a Megan's Law evaluation, on June 5, 2012, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' imprisonment.[7]  On June 15, 2012, Appellant filed a post-sentence motion for reconsideration of sentence, which the trial court denied on June 25, 2012.  Appellant appealed.[8]

Appellant raises a single issue for our consideration:

> Whether the [trial] [c]ourt abused its discretion in imposing manifestly excessive and unreasonable sentences which were all at the statutory maximum limit and imposed consecutively when the [c]ourt failed to consider any significant mitigating factors, failed to apply and review any of the necessary factors as set forth in 42 Pa.C.S.[] Section 9721(b) and 42 Pa.C.S.[] Section 9781(c) and (d) or otherwise failed to set forth appropriate reasons for its radical deviation from the standard sentencing

---

[6] In exchange for the guilty pleas, the Commonwealth agreed not to pursue further counts from the criminal informations.  In all other respects, Appellant entered an open guilty plea.

[7] Specifically, the trial court imposed consecutive sentences of 10 to 20 years' imprisonment on each of the rape and burglary convictions, and a consecutive term of 5 to 10 years' imprisonment on the aggravated assault conviction.  These sentences were all statutory maximum sentences and upward departures from the sentencing guidelines.

[8] Appellant originally filed a notice of appeal on July 24, 2012.  Appellant's appointed appellate counsel failed to file a brief, and on November 16, 2012, this Court dismissed the appeal.  Appellant then filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, that ultimately resulted in his filing the instant appeal, *nunc pro tunc*, on September 8, 2015.

ranges and sentenced [Appellant] only based upon the [c]ourt's perceived belief as to the "heinousness" of the crime?

Appellant's Brief, p. 7.

This claim raises a challenge to the discretionary aspects of Appellant's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super.2015), *appeal denied*, 126 A.3d 1282 (Pa.2015). Before this Court can address such a discretionary challenge, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005). "Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003).

Here, Appellant filed a timely notice of appeal, and preserved his issues in a motion for reconsideration of sentence. Further, Appellant's brief

includes a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f).[9] **See** Appellant's Brief, p. 11. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. **See** Pa.R.A.P. 2119(f); **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); **see also** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." **Id.** A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial

_____

[9] Appellant's Pa.R.A.P. 2119(f) statement reads as follows:

> [Appellant] is requesting the review of his sentences based upon his belief that the [t]rial [c]ourt abused its discretion when it imposed a harsh and excessive sentence contrary to the fundamental norms of the [s]entencing [g]uidelines. He believes that the [c]ourt failed to set forth legally or factually supported reasons for the imposition of maximum sentences for all offenses which were all well beyond the [s]tandard [g]uidelines [r]anges as applied to [Appellant]. The [c]ourt applied only one factor to determine the sentence; the perceived heinousness of the offense. He believes the [c]ourt ignored legitimate mitigating factors in contravention of its duty and as required pursuant to the Sentencing Code.

Appellant's Brief, p. 11.

question justifying this Court's review of the merits of the underlying claim. *Id.*; *see also Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa.Super.2013). Additionally, a claim that a sentence is unreasonable because the trial court decided to run certain portions of it consecutive to one another also does not raise a substantial question for our review. *See Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super.2005) (a claim that the consecutive nature of sentences violates the Sentencing Code fails to raise a substantial question for review).

Further, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013); *see also Commonwealth v. Ratushny*, 17 A.3d 1269, 1273 (Pa.Super.2011) ("argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review."); *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa.Super.2006) ("[A]ppellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim."). However, "a substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 n.12

(Pa.Super.2010) (*citing* **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super.2003)) (emphasis in original).

Further, "[i]n every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence." **Commonwealth v. Curran**, 932 A.2d 103, 106 (Pa.Super.2007) (citing 42 Pa.C.S. § 9721). A substantial question exists where the sentencing court failed to provide sufficient reasons for imposing a sentence outside of the guidelines. **Commonwealth v. Monohan**, 860 A.2d 180, 182 (Pa.Super.2004).

Here, Appellant alleges that the trial court imposed an unreasonable sentence by failing to adequately consider certain mitigating factors[10] in imposing its aggravated-range sentence. **See** Appellant's Brief, 13-19. Additionally, Appellant asserts that the trial court did not adequately place reasons on the record as to why it imposed the sentence it did. **See id.** Further, Appellant suggests that the trial court relied solely on the severity of the crime in imposing punishment. **See id.** Based on the above authority, we conclude that Appellant raises a substantial question for review. We will therefore address the merits of Appellant's discretionary aspects of sentencing claim.

---

[10] Specifically, Appellant alleges as mitigating factors his criminal history, character, and rehabilitative needs. **See** Appellant's Brief, pp. 17-18.

We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

The sentencing guidelines are merely advisory in nature. *See Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa.2007) ("[T]he guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence."). A sentencing court may deviate from the guidelines, if necessary, to fashion a sentence that takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact of the life of the victim and the community. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa.Super.2001), *appeal denied*, 796 A.2d 979 (Pa.2002); *see also* 42 Pa.C.S. 9721(b) (expressly stating that the trial court may sentence outside the guidelines provided the court provides its reasons for doing so on the record).

Additionally, where a sentencing judge had the benefit of a presentence investigation report, it is presumed that the judge was aware of all relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. **Commonwealth v. Boyer,** 856 A.2d 149, 154 (Pa.Super.2004).

Finally, "it is well-established that a sentencing court can impose a sentence that is the maximum period authorized by the statute, 42 Pa.C.S. § 9756(a)." **Commonwealth v. Saranchak**, 675 A.2d 268, 277 n. 17 (Pa.1996). It is also well-settled that the trial court may determine, based on the facts of the case, whether to impose a sentence consecutively or concurrently to another sentence being imposed. **Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa.Super.2009); **see also Commonwealth v. Pettersen**, 49 A.3d 903, 912 (Pa.Super.2012) (appellant not entitled to a "volume discount" for multiple offenses).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. **See generally** N.T. 6/5/2012. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b). **Id.** In imposing sentence, the trial court reviewed and considered the pre-sentence report, the sentencing guidelines, the testimony of the victim, Appellant's daughter, Appellant's daughter's half-sister, and Appellant's

girlfriend, as well as Appellant's allocution, and the arguments of counsel.

*Id.* at 4-24. Additionally, the trial court considered Appellant's lack of a criminal record and articulated its reasons for deviating from the standard guidelines on the record:

> . . . This [c]ourt was aware of [Appellant's] lack of a prior record and the fact that he was found not to be a sexually violent predator.
>
> This [c]ourt also articulated on the record its reasons for imposing a sentence that is beyond the aggravated range of the guidelines: (1) [Appellant] absconded for fifteen (15) years; (2) the victim's vulnerable position because of her age; (3) [Appellant] was in a position of trust, as the long-term boyfriend of the victim's mother; (4) the crime was particularly violent and cruel; (5) the guidelines do not adequately reflect the seriousness of the crime; (6) the victim of the aggravated assault was a witness to the rape; (7) the safety of the community; and (8) the protection of the victim.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed September 10, 2014, p. 7; *see also* N.T. 6/5/2012, p. 27. Finally, the consecutive imposition of the sentences, which were statutorily permissible,[11] was within the discretion of the trial court. *See Lilley*, *supra*. Accordingly, Appellant's excessiveness claim fails on the merits.

Judgment of sentence affirmed.

---

[11] Rape and burglary are felonies of the first degree punishable by up to twenty (20) years' imprisonment. *See* 18 Pa.C.S. §§ 106, 1103, 3121 and 3502. The aggravated assault in the instant matter was a felony of the second degree punishable by up to ten (10) years' imprisonment. *See* 18 Pa.C.S. §§ 106, 1103, and 2702.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016