J-S43034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIE ANDRAE DELEON | |
| Appellant | No. 1100 MDA 2015 |

Appeal from the Judgment of Sentence March 17, 2015
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001136-2014

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JUNE 14, 2016**

Appellant Willie Andrae Deleon ("Appellant") appeals from the March 17, 2015 judgment of sentence entered in the Lackawanna County Court of Common Pleas following his guilty plea convictions for criminal solicitation (involuntary deviate sexual intercourse of a person less than 16 years of age)[1] and unlawful contact with a minor.[2] Appellant's counsel has filed an **Anders**[3] brief, together with a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[1] 18 Pa.C.S. § 902(a) (§ 3127(a)(7)).

[2] 18 Pa.C.S. § 6318(a)(1).

[3] **Anders v. California**, 386 U.S. 738 (1967).

On August 25, 2014, Appellant pleaded guilty to the aforementioned charges. On March 17, 2015, after the preparation of a presentence investigation report and a sexual offenders assessment board evaluation, the trial court sentenced Appellant to 48-96 months' incarceration followed by four years' probation on the criminal solicitation conviction and two years' probation on the unlawful contact with a minor conviction to be served consecutively to the solicitation sentence. On March 27, 2015, Appellant filed a motion for reconsideration arguing the sentence was excessive, which the trial court denied on May 26, 2015, after conducting a hearing.

Appellant filed a notice of appeal on June 25, 2015, and a Pa.R.A.P. 1925(b) statement on July 24, 2015. The trial court filed its Pa.R.A.P. 1925(a) opinion on February 11, 2016.

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to *Anders v. California* and its Pennsylvania counterpart, *Commonwealth v. Santiago*.[4] Before addressing the merits of Appellant's underlying issue presented, we must first pass on counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

---

[4] 978 A.2d 349 (Pa.2009).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the **Anders** brief. The petition states counsel's determination that Appellant's appeal is without merit. **See** Petition to Withdraw As

Counsel, ¶ 7. The petition further explains that counsel notified Appellant of the withdrawal request and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit.[5] *See id.* at ¶¶ 6-7; *see also* Letter to Appellant, March 2, 2016. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states her conclusion that the appeal is wholly frivolous and her reasons therefor. *See Anders* Brief, pp. 5-13. Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the *Anders* brief:

> (A) Whether the lower court imposed a harsh and unreasonable sentence on the criminal solicitation-involuntary deviate sexual intercourse – person less than 16 years old offense?

*Anders* Brief, p. 4 (unnecessary capitalization omitted).

This claim raises a challenge to the discretionary aspects of Appellant's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24

---

[5] The letter further makes clear that counsel supplied Appellant with a copy of the *Anders* brief. *See* Letter to Appellant, March 2, 2016.

A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Allen**, 24 A.3d at 1064.

Here, Appellant filed a timely notice of appeal and preserved his discretionary aspects of sentencing issue in a motion for reconsideration of sentence. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). **See Anders** Brief, pp. 8-9. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. **See** Pa.R.A.P. 2119(f); **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); **see also** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a

substantial question on a case-by-case basis." *Id.* A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. *Id.*; *see also Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa.Super.2013). Further, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013); *see also Commonwealth v. Ratushny*, 17 A.3d 1269, 1273 (Pa.Super.2011) ("argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review."); *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa.Super.2006) ("[A]ppellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim.").

"[A] substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors." *Rhoades*, 8 A.3d at 919 n.12 (*citing Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super.2003)) (emphasis in original). However, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super.2010).

In his Pa.R.A.P. 2119(f) statement, Appellant alleges that the trial court abused its discretion by sentencing him in the high end of the sentencing guidelines without considering certain mitigating factors. *See Anders* Brief, p. 9.[6] The claim does not allege that the sentencing court departed from the standard range and sentenced Appellant in the aggravated range of the sentencing guidelines. It alleges merely that Appellant received a sentence at the higher end of the standard range. Therefore, this claim does not present a substantial question for this Court's review. *See Moury*, *supra*.

_____

[6] Appellant's Pa.R.A.P. 2119(f) statement reads, in pertinent part, as follows:

> The Appellant asserts that the sentencing court stated that it was imposing a sentence in [the] standard range, which for solicitation for IDSI is 36 to 54 months. The Appellant believes that the lower court imposed a harsh and unreasonable sentence, given the facts that he is a first time offende[r], that he had voluntarily enrolled himself in a therapeutic counseling program, and that he had posted his ad in the adult section of Craig's [L]ist, he was not soliciting sex with a minor.

> The Appellant asserts that given the circumstances presented herein, this sentence was inconsistent with the Sentencing Guidelines. The Appellant contends that the Sentencing Guidelines had considered the age of the victim since the offense involves the solicitation for IDSI – child less than 16 years of age. He submits that the sentencing judge's focus on the fact the age of the child was in error. As such, the Appellant urges this Court to review his sentence.

*Anders* Brief, p. 9.

Further, even had Appellant stated a substantial question for review, we would affirm on the merits. We review discretionary aspects of sentence claims under the following standard of review:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Initially, where a sentencing judge had the benefit of a presentence investigation report, it is presumed that the judge was aware of all relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. ***Commonwealth v. Boyer,*** 856 A.2d 149, 154 (Pa.Super.2004).

Additionally, the sentencing guidelines are merely advisory in nature. ***See Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa.2007) ("[T]he guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence."). "[I]t is well-established that a sentencing court can impose a sentence that is the maximum period authorized by the statute, 42 Pa.C.S. § 9756(a)." ***Commonwealth v. Saranchak***, 675 A.2d 268, 277 n. 17 (Pa.1996).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. **See generally** N.T. 3/17/2015. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b). **Id.**

The trial court explained the imposition of Appellant's sentence thusly:

In this case, prior to imposing sentence, this [c]ourt had the benefit of a presentence investigative report, which was reviewed in its entirety. As such, this [c]ourt was aware of and weighted relevant information regarding the Appellant's character as well as any mitigating factors. This [c]ourt was aware of Appellant's prior record score of zero and that he was not deemed a sexually violent predator. This [c]ourt also heard testimony from Appellant and his pastor. This [c]ourt also addressed Appellant's attitude toward his responsibility for his actions, particularly his statement "It wasn't my intent to lure an underage person" despite the fact that appellant continued to exchange messages of a sexual nature with an individual he believed to be a minor child. This [c]ourt further stated on the record that it considered the punishment, rehabilitation, deterrence, and incapacitation purposes of sentencing. Appellant's steps toward rehabilitation do not completely negate the fact that he sent graphic, sexually explicit messages to a person he believed to be a fourteen year old girl over three (3) days. Appellant further made plans to have sexual relations with this child and travelled from the Allentown area to Scranton to engage in intercourse. There is nothing in the record to suggest that, had it not been law enforcement at the meet location, Appellant would [not] have engaged in deviate sexual intercourse with a minor child. In Appellant's own words, his "desire to want to have sexual relations at that moment was greater than me understanding between right and wrong." This sort of behavior, the inability to discern between what is right, wrong, and illegal based on one's own wants and impulses, is the type of conduct that fits squarely into the sentencing purposes. This [c]ourt clearly considered the particular

circumstances of the offenses committed, the impact on the community, the need to deter Appellant and others from committing this type of offense, and the protection of the community at large. Appellant was then sentenced within the guidelines for the offenses committed. Appellant was sentenced to forty-eight (48) to ninety-six (96) months' imprisonment. The maximum sentence for Solicitation for Involuntary Deviate Sexual Intercourse with a Person Less than 16 years old is two hundred and forty (240) months.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed February 11, 2016, pp. 9-10 (internal record citations omitted); *see also* N.T. 3/17/2015, pp. 4-8.

We find no abuse of discretion in the trial court's imposition of Appellant's standard range sentence. Accordingly, Appellant's excessiveness claim fails on the merits.

We agree with counsel that Appellant's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016

- 10 -