J-S62003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRENTON ANDRE JOSEPHS | |
| Appellant | No. 54 MDA 2016 |

Appeal from the Judgment of Sentence November 23, 2015
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005777-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRENTON ANDRE JOSEPHS | |
| Appellant | No. 55 MDA 2016 |

Appeal from the Judgment of Sentence November 23, 2015
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001735-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED AUGUST 19, 2016**

Brenton Andre Josephs ("Appellant") appeals from the November 23,

2015 judgment of sentence entered in the Berks County Court of Common

Pleas following his guilty plea convictions for criminal mischief[1] at Docket No. CP-06-CR-0005777-2014, and delivery of a controlled substance[2] at Docket No. CP-06-CR-0001735-2015. Appellant's counsel has filed an **Anders**[3] brief, together with a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

On November 23, 2015, Appellant entered an open guilty plea to one count of criminal mischief and one count of delivery of a controlled substance stemming from separate incidents. On the same day, the trial court sentenced Appellant to one to seven years' incarceration on the delivery of a controlled substance conviction and a concurrent sentence of six to twelve months' incarceration on the criminal mischief conviction. Appellant filed a post-sentence motion requesting reconsideration or modification of the sentence imposed. The trial court denied the post-trial motion on December 9, 2016. On January 8, 2016, Appellant filed a timely notice of appeal,[4] and on May 23, 2016, counsel filed the **Anders** brief together with an application to withdraw as counsel. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

---

[1] 18 Pa.C.S. § 3304.

[2] 35 P.S. § 780-113(a)(30).

[3] **Anders v. California**, 386 U.S. 738 (1967).

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to **Anders v. California** and its Pennsylvania counterpart, **Commonwealth v. Santiago**.[5] Before addressing the merits of Appellant's underlying issues presented, we must first pass on counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is

---

[5] 978 A.2d 349 (Pa.2009).

sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the ***Anders*** brief. The petition states counsel's determination that no non-frivolous appellate issues exist. ***See*** Petition to Withdraw As Counsel, ¶ 4. The petition further explains that counsel notified Appellant of the withdrawal request and forwarded a copy of the brief to Appellant together with a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***See id.*** at ¶ 5; ***see also*** Letter to Appellant, May 17, 2016. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states her conclusion that the appeal is wholly frivolous and her reasons therefor. ***See Anders*** Brief, pp. 6-17. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the ***Anders*** brief:

Whether the sentencing court abused its discretion in imposing a sentence of one (1) to seven (7) years of incarceration for [d]elivery of [m]arijuana and a concurrent sentence of six (6) to twelve (12) months incarceration for [c]riminal [m]ischief where the sentence was manifestly excessive and fails to consider the fundamental norms underlying the Sentencing Code, including mitigating factors such as the Appellant's good work history, his care for two minor children and his taking responsibility for his actions in entering a guilty plea?

*Anders* Brief, p. 5.

This claim raises a challenge to the discretionary aspects of Appellant's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Here, Appellant filed a timely notice of appeal and preserved his discretionary aspects of sentencing issue in a motion for reconsideration of sentence. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See Anders* Brief, pp. 11-12. Accordingly, we now determine whether

Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); *see also* 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." *Id.* A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. *Id.*; *see also Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa.Super.2013). Further, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013); *see also Commonwealth v. Ratushny*, 17 A.3d 1269, 1273 (Pa.Super.2011) ("argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review."); *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa.Super.2006) ("[A]ppellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a

substantial question sufficient to justify appellate review of the merits of such claim.").

"[A] substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors." **Commonwealth v. Rhoades**, 8 A.3d 912, 919 n.12 (Pa.Super.2010) (*citing* **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super.2003)) (emphasis in original). However, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super.2010).

In his Pa.R.A.P. 2119(f) statement and his brief, Appellant alleges that the trial court abused its discretion by sentencing him without considering certain mitigating factors. **See Anders** Brief, p. 9.[6] Such a claim does not raise a substantial question for review. **See Disalvo**, **supra**.[7]

_____

[6] The mitigating factors Appellant claims the trial court failed to consider include his good work history, his care for his children and his niece and nephew, his statement of remorse at his sentencing, and his taking responsibility by pleading guilty. **See Anders** Brief, p. 14.

[7] We further note Appellant's claim does not allege that the sentencing court departed from the standard range and sentenced Appellant in the aggravated range of the sentencing guidelines. It alleges merely that Appellant received a sentence at the higher end of the standard range. Therefore, this claim does not present a substantial question for this Court's review as an unexplained departure from the sentencing guidelines coupled with a claim of excessiveness. **See Moury**, **supra**.

Moreover, even had Appellant stated a substantial question for review, we would affirm on the merits. We review discretionary aspects of sentence claims under the following standard of review:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Initially, where a sentencing judge had the benefit of a presentence investigation report, it is presumed that the judge was aware of all relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. ***Commonwealth v. Boyer,*** 856 A.2d 149, 154 (Pa.Super.2004).

Additionally, the sentencing guidelines are merely advisory in nature. ***See Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa.2007) ("[T]he guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence."). "[I]t is well-established that a sentencing court can impose a sentence that is the maximum period authorized by the statute, 42 Pa.C.S. § 9756(a)." ***Commonwealth v. Saranchak***, 675 A.2d 268, 277 n. 17 (Pa.1996).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. ***See generally*** N.T. 11/23/2015. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b). ***Id.***

The trial court explained that, in sentencing Appellant to a standard range sentence, it took into consideration the nature and circumstances of the offense, the history and characteristics of Appellant, the Sentencing Guidelines, the pre-sentence investigation report, and the testimony from the sentencing hearing.[8] ***See*** Trial Court Pa.R.A.P. 1925(a) Opinion, filed March 29, 2016, pp. 4-5; N.T. 11/23/2015, p. 15.

We find no abuse of discretion in the trial court's imposition of Appellant's standard range sentence. Accordingly, Appellant's excessiveness claim fails on the merits.

We agree with counsel that Appellant's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm the judgment of sentence.

_____

[8] Defense counsel expressly informed the trial court that Appellant cared for his two children, his niece, and his nephew. ***See*** N.T. 11/23/2015, pp. 11-12.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016