**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Gerald LADAMUS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 2006.
Filed March 29, 2006.

Michael B. Senape, Somerset, for appellant.

David W. Lupas, Assistant District Attorney, Wilkes–Barre, for Commonwealth, appellee.

BEFORE: STEVENS, BENDER, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Luzerne County on February 10, 2005, following Appellant's plea of guilty to the following charges from six (6) separate criminal complaints: two (2)

counts of burglary,[1] two (2) counts of theft by unlawful taking,[2] criminal mischief,[3] two (2) counts of possession of drug paraphernalia,[4] possessing an instrument of crime,[5] three (3) counts of retail theft,[6] two (2) counts of assault by a prisoner,[7] and terroristic threats.[8] Additionally, Appellant's counsel, Michael B. Senape, Esquire, has filed a petition to withdraw as counsel and an *Anders*[9] brief in support thereof. Finding that counsel complied with the requirements of *Anders,* and that this appeal presents no issue of arguable merit, we grant the petition to withdraw and affirm the judgment of sentence.

¶2 On December 20, 2004, Appellant pled guilty to the above-mentioned offenses and, on February 10, 2005, was sentenced to an aggregate five (5) to ten (10) year term of imprisonment. Thereafter, he filed a post-sentence motion to modify his sentence, which was denied by the court on February 18, 2005. The present appeal followed.[10] Appellant's counsel has filed a petition to withdraw as counsel, contending that he examined Appellant's case and determined that an appeal would be frivolous.

■ ¶3 It is well-settled that "[w]hen considering an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Ferguson,* 761 A.2d 613, 616 (Pa.Super.2000) (citation omitted). In order for counsel to withdraw from an appeal pursuant to *Anders* and its Pennsylvania equivalent, *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), the following requirements must be met:

(1) counsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous;

(2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a 'no merit' letter or *amicus curiae* brief; and

(3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Titus,* 816 A.2d 251, 254 (Pa.Super.2003) (citation omitted).

■ ¶4 In the present case, counsel notes that he conducted a review of the record, and determined that an appeal would be wholly frivolous. In addition, counsel has provided this Court with an *Anders* brief discussing the issue that could support an appeal. Finally, counsel states that he forwarded to Appellant a copy of the brief and advised him of his rights in lieu of representation. Appellant has failed to respond to counsel's correspondence. A review of counsel's petition to withdraw and *Anders* brief, together

1. 18 Pa.C.S.A. § 3502.

2. 18 Pa.C.S.A. § 3921.

3. 18 Pa.C.S.A. § 3304.

4. 35 P.S. § 780–113(a)(32).

5. 18 Pa.C.S.A. § 907.

6. 18 Pa.C.S.A. § 3929.

7. 18 Pa.C.S.A. § 2703.

8. 18 Pa.C.S.A. § 2706.

9. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

10. Pursuant to the court's order to do so, Appellant filed a concise statement of matters complained of on appeal, to which the court issued a brief opinion. *See* Trial Court Opinion filed 8/11/05.

with accompanying documentation, indicates that he has complied with the three requirements necessary to withdraw as counsel. Therefore, we will proceed to evaluate independently the record in order to determine whether the appeal is in fact frivolous. *Ferguson,* 761 A.2d at 616.

¶ 5 Appellant's sole claim is that the trial court abused its discretion in failing to consider his individual needs in imposing sentence. Such claim raises a question as to a discretionary aspect of Appellant's sentence. It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right. *Commonwealth v. McNear,* 852 A.2d 401, 407 (Pa.Super.2004). Before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke the Court's jurisdiction, must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal. Pa.R.A.P. 2119(f) [11]; *see Commonwealth v. Hudson,* 820 A.2d 720, 727 (Pa.Super.2003).

> [W]here the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, [ ] such a statement [will] be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (2002) (plurality) (citations omitted).

¶ 6 In the case *sub judice,* Appellant has included in his brief a statement of reasons relied upon in support of the request for appeal, as required by Rule 2119. Accordingly, we will review the statement to determine whether Appellant has raised a substantial question as to the discretionary aspects of his sentence.

¶ 7 Appellant contends that the sentence imposed was manifestly excessive under the facts and circumstances of his particular case. While conceding that the sentence was within the standard guideline minimum sentencing range, he claims that the court neither addressed nor considered the issues "regarding his medical condition and [his] status as the primary caregiver for his mother." Brief of Appellant at 10.

¶ 8 When a sentence is within the statutory limits, this Court must review each excessiveness claim on a case-by-case basis. *Titus,* 816 A.2d at 255. In order for an appellant raising such a claim to state a substantial question, he must "sufficiently articulate[ ] the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Mouzon,* 571 Pa. at 435, 812 A.2d at 627. An appellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim. *Commonwealth v. Kraft,* 737 A.2d 755, 757 (Pa.Super.1999).

---

**11.** Rule 2119(f) states as follows:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
Pa.R.A.P. 2119(f).

¶ 9 Herein, Appellant's Rule 2119(f) statement neither indicates the provisions of the Sentencing Code the trial court violated nor sets forth the fundamental norms that the trial court purportedly violated. Although Appellant states that his minimum range sentence was excessive, he does not indicate the violation of either a fundamental norm or of the Sentencing Code.[12] While he argues that the court failed to consider his individual needs[13] and status as the primary caregiver for his mother, this does not raise a substantial question. *See id.* (holding that the defendant's argument that the court did not adequately consider her personal situation as a grandmother who had to provide care for a small child did not raise a substantial question such as to permit appellate review of the discretionary aspects of her sentence).

¶ 10 Based on the foregoing, we conclude that Appellant has failed to raise a substantial question that his sentence was excessive.[14] Consequently, a review of the merits of his challenge to discretionary aspects of his sentence is unwarranted. Accordingly, the petition for leave to withdraw as counsel is granted, and the trial court's judgment of sentence is affirmed.

¶ 11 Petition To Withdraw As Counsel Granted; Judgment of Sentence Affirmed.

12. Appellant acknowledges that an appellant who challenges the discretionary aspects of his sentence must show that the sentence was contrary to the fundamental norms underlying the sentencing process, Brief of Appellant at 8–9, but, as indicated *supra,* he does not set forth a fundamental norm purportedly violated by the sentencing court.

13. We note that, with regard to Appellant's alleged medical condition, he states that, "while the Sentencing Transcript does not reflect the specific medical problem of the Appellant, the Appellant has advised Appointed Appellate Counsel that he is a Dialysis Patient and that he is very sick and in poor health." Brief of Appellant at 9–10. As evidenced by this statement, Appellant clearly did not raise the issue of his medical condition before the trial court at the time of sentencing.

14. Assuming, *arguendo,* that a substantial question was raised by Appellant, we cannot agree with Appellant's assertion that the imposition of sentence constituted an abuse of discretion in that his family situation, particularly the testimony of his two sisters indicating that Appellant helped care for their mother, was not considered by the court. A review of the record reveals that, prior to sentencing, the court stated, *inter alia,* the following:

> You[, Appellant,] knew you had a [drug] problem when you victimized these people. Your record is horrendous. You've never shown any remorse. You never tried to help yourself. You didn't do anything. And not to sentence you in the standard range and sentence you to a state correctional facility would diminish the seriousness of the crimes, and I would be sending the wrong message out. I sympathize with your family. You had a choice." N.T. 2/10/05 at 5 (emphasis added).