J-S46018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM MCCORMICK | |
| Appellant | No. 345 MDA 2014 |

Appeal from the Judgment of Sentence January 14, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000039-2012

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 21, 2014**

William McCormick appeals from his judgment of sentence, imposed in the Court of Common Pleas of Lycoming County, after he violated the conditions of his Intermediate Punishment ("IP") Program.  Counsel has filed a petition to withdraw pursuant to **Anders**, **McClendon** and **Santiago**.[1] Upon review, we affirm McCormick's judgment of sentence and grant counsel's petition to withdraw.

On February 16, 2012, McCormick entered a guilty plea to retail theft and was sentenced to IP for a period of three years, the first six months of which were to be served at the Lycoming County Prison and Pre-Release

---

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

facility. After serving six months at the Lycoming County Prison, McCormick was released on supervision. On November 14, 2013, the trial court held a preliminary IP hearing after learning that McCormick had obtained new criminal charges of retail theft, and had failed to report to the Adult Probation Office as instructed. At this hearing, the court agreed to consider allowing McCormick to enroll in either a halfway house or a rehabilitation program if he was able to do so. However, McCormick could only be placed on a waiting list at the American Rescue Workers due to the fact that he was incarcerated on the new retail theft charges. On January 14, 2014, the court held a final violation hearing and found that McCormick was guilty beyond a reasonable doubt of the new charges of retail theft. The court re-sentenced McCormick to one to two years' incarceration with a consecutive year of probation, to be supervised by the Pennsylvania Board of Probation and Parole. On February 12, 2014, McCormick filed a timely notice of appeal followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005). In order to withdraw pursuant to **Anders** and **McClendon**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised

are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001). In ***Santiago***, the Pennsylvania Supreme Court altered the requirements for withdrawal under ***Anders*** to mandate the inclusion of a statement detailing counsel's reasons for concluding the appeal is frivolous.

Instantly, counsel's petition states that she has made an examination of the record and concluded the appeal is wholly frivolous. Counsel supplied McCormick with a copy of the brief and a letter explaining McCormick's right to proceed *pro se*, or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel also has submitted a brief, setting out in neutral form a single issue of arguable merit. Finally, counsel has explained, pursuant to the dictates of ***Santiago***, why she believes the issue to be frivolous. ***See Anders*** Brief, at 10-11. Thus, counsel has substantially complied with the requirements of ***Anders***, ***McClendon*** and ***Santiago***.

Counsel having satisfied the procedural requirements for withdrawal, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004). In her

*Anders* brief, counsel raises the following issue: Whether the trial court abused its discretion by imposing a manifestly excessive sentence.[2]

McCormick's claim raises a challenge to the discretionary aspects of his sentence. "It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right. Before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke the Court's jurisdiction, must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal." Pa.R.A.P. 2119(f); *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa. Super. 2006). McCormick failed to submit a 2119(f) statement. However, in light of counsel's petition to withdraw, we address McCormick's claim. *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (*Anders* requires review of issues otherwise waived on appeal)).

Judicial review of the discretionary aspects of a judgment of sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were

---

[2] McCormick did not submit any additional claims for our review in response to counsel's *Anders* brief.

either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (*en banc*). Further, "[a]n appellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing [a] sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim." *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa. Super. 2006).

McCormick's claim does not raise a substantial question, as his sentence is neither inconsistent with a specific provision of the Sentencing Code nor contrary to the fundamental norms which underlie the sentencing process. Although McCormick claims that the sentence imposed is manifestly excessive, he does not claim that it is outside the maximum sentence for the offense. In fact, McCormick

> pled guilty . . . to Retail Theft, a felony of the third degree. The statutory maximum for that offense is seven (7) years. [McCormick's] sentence of one (1) to two (2) years at a State Correctional Institution with a consecutive year of probation, which he received at his final IP violation hearing, is within the maximum sentence.

Trial Court Opinion, 3/21/14, at 3. As such, McCormick's claim does not raise a substantial question based on an inconsistency with the sentencing code or the fundamental norms underlying the sentencing process.

Further, McCormick's claim that the trial court did not consider the fact that he had secured a place on a waiting list at the American Rescue

Workers also does not raise a substantial question. A challenge to the trial court's failure to consider a mitigating factor does not raise a substantial question. *See Ladamus*, 896 A.2d at 595. For the foregoing reasons, McCormick's claim does not raise a substantial question and, therefore, the trial court did not abuse its discretion in sentencing McCormick to one to two years' incarceration followed by one year of probation. Accordingly, McCormick's appeal is frivolous.

Judgment of sentence affirmed; petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2014