J-S80003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN KEITH ANDRUS | |
| Appellant | No. 1550 MDA 2015 |

Appeal from the Judgment of Sentence August 10, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000291-2014
CP-18-CR-0000293-2014
CP-18-CR-0000295-2014

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 09, 2017**

Brian Keith Andrus appeals from the judgment of sentence entered in the Court of Common Pleas of Clinton County.  We affirm.

Over the course of three days in March 2014, Andrus stole $1,671.92 worth of merchandise from Walmart.  He was charged with three counts of retail theft, each graded as a misdemeanor of the first degree.  18 Pa.C.S.A. § 3929(a)(1). Andrus entered a negotiated plea, and the court sentenced him to 60 months' intermediate punishment ("IP") for each offense, to run concurrently, with the first 12 months to be served on house arrest with GPS monitoring.  Additionally, Andrus was required to participate and complete the Lycoming County Drug Treatment Court Program ("DTC").  At the guilty plea/sentencing hearing, the court informed Andrus that failure to comply

with the IP program would result in revocation of his sentence and imposition of a state sentence of up to 7½ to 15 years' incarceration; Andrus indicated he understood. **See** N.T. Guilty Plea/Sentencing, 2/17/15, at 13.

Andrus failed to report to his treatment program on March 5, 2015 and for his appointment with the Lycoming County Probation Department on March 9, 2015. The court issued a bench warrant for Andrus' arrest and, while the warrant was outstanding, Andrus failed to report for an IP revocation hearing on May 4, 2015. Andrus was arrested on June 6, 2015; he admitted to violating the IP program requirements; The court revoked Andrus' negotiated sentence.

On August 10, 2015, the trial court sentenced Andrus to consecutive terms of one to two years' imprisonment for each of the three offenses. Andrus filed a motion for modification of sentence, which the court denied, and he filed a timely notice of appeal. The court ordered Andrus to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, which Andrus timely filed on September 24, 2015. On appeal, Andrus challenges the discretionary aspects of his sentence:

1. Whether the trial court committed an abuse of discretion in failing to adequately consider that [Andrus] is the father of eight (8) children, and that [he] pays support for those children, which will not be possible if [he is] incarcerated in a state correctional institution?

2. Whether the trial court committed an abuse of discretion in failing to adequately consider that [Andrus] has an exemplary behavioral history while incarcerated at the Clinton County Correctional Facility, including [his]

- 2 -

compliance with the Correctional Facility work release program?

3. Whether the trial court committed an abuse of discretion in failing to adequately consider that [Andrus], prior to the imposition of sentence in these matters, had obtained full-time employment with a local employer while [he] was incarcerated and awaiting sentencing in these matters?

Appellant's Brief, at 4.

Challenges to the discretionary aspects of one's sentence are not appealable as of right, and in order for this Court to reach the merits of such claims, Andrus first must satisfy a four-part test to determine: (1) whether he has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved, *see* Pa.R.Crim.P. 720; (3) whether he has included a statement in compliance with Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Andrus has complied with the first three requirements. However, we find he has failed to raise a substantial question that the sentence is inappropriate under the Sentencing Code. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa. Super. 2000). Here, Andrus claims that the sentencing court failed to

consider his rehabilitative needs, mitigating circumstances, and that fact that he has eight dependent children. These averments fail to raise a substantial question that his sentence is not appropriate under the Sentencing Code. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (claim that court failed to consider defendant's rehabilitative needs did not present a substantial question); *see also Commonwealth. v. Ladamus*, 896 A.2d 592 (Pa. Super. 2006) (claim that court failed to adequately consider certain mitigating factors did not raise substantial question); *Commonwealth v. Kraft*, 737 A.2d 735, 757 (Pa. Super. 1999) (claim that court did not adequately consider personal life situation of grandmother who cared for child did not raise substantial question).

Because Andrus has failed to articulate a substantial question, review of the merits of his claims is not warranted.[1]

Judgment of sentence affirmed.

---

[1] Even were we to reach the merits of Andrus' challenges, we would find them meritless. The sentencing court considered the presentence investigation report, Andrus' considerable prior record, which included burglary, criminal conspiracy and statutory rape, and the fact that Andrus squandered the opportunity the court gave him in approving the negotiated plea agreement. *See Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014) ("We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/9/2017</u>