J-S91018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT CHARLES LOWDEN | |
| Appellant | No. 830 MDA 2016 |

Appeal from the Judgment of Sentence April 11, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002232-2015

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 04, 2017**

Appellant, Robert Charles Lowden, appeals from the judgment of sentence entered April 11, 2016.

On February 17, 2016, Appellant entered an open guilty plea to persons not to possess a firearm, aggravated assault, receiving stolen property, carrying a firearm without a license, and possession of a controlled substance.[1]  In the underlying incident, Appellant held a gun to a man's head.  **See** Notes of Testimony (N. T.), Trial, 2/17/16, at 3.  The gun was stolen, and Appellant, a felon, did not have a license to carry.  **Id.** at 4-5.  In Appellant's possession was ten grams of synthetic marijuana.  **Id.** at 5.

---

[1] 18 Pa.C.S. §§ 6105, 2702(a), 3925, 6106, and 35 P.S. §780-113(a)(16), respectively.

[*] Former Justice specially assigned to the Superior Court.

Appellant was sentenced to nine to twenty years of incarceration. In fashioning this sentence, the court relied on a pre-sentence investigation report, which detailed Appellant's lengthy criminal history as well as his mental health issues and troubled childhood. *See* Notes of Testimony (N. T. Sentencing), 4/11/16, at 11-14. Specifically, Appellant had six prior juvenile adjudications and five prior adult convictions, and he had received various mental health diagnoses, including bipolar disorder. *See* Pre-Sentence Investigation at 4-12.

Appellant timely filed a post-sentence motion, which was denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

On appeal, Appellant raises a single issue for our review:

> 1. Was the trial court's sentence of 9 to 20 years of incarceration so manifestly excessive as to constitute an abuse of the court's discretion and clearly unreasonable under the circumstances and was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of [Appellant]?

Appellant's Brief at 7.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). To invoke this Court's jurisdiction, an Appellant must satisfy a four-part test: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal

pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included in his brief an appropriate Pa.R.A.P. 2119(f) statement. We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code, and, if so, review the merits.

The determination of a substantial question must be evaluated on a case-by-case basis. *Griffin*, 65 A.3d at 935. A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive many raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. *Commonwealth v. Mouzon*, 812 A.2d 617, 627-28 (Pa. 2002).

Appellant's Pa.R.A.P. 2119(f) statement claims that the sentencing court failed to adequately consider Appellant's mental health issues, low mental acuity, and past physical abuse. *See* Appellant's Brief at 13.

Appellant argues that the sentence imposed was an abuse of discretion and manifestly excessive. *Id.* at 13. Appellant contends that the court's standard range sentence was not consistent with the protection of the public or Appellant's rehabilitative needs, but instead, focused solely on the gravity of the offense, contrary to the requirements of 42 Pa.C.S. § 9721. *Id.* at 13.

A defendant's contention that the trial court did not adequately consider mitigating circumstances, without more, does not raise a substantial question. *See Commonwealth v. Ladamus*, 896 A.2d 592, 596 (Pa. Super. 2006). Here, Appellant acknowledges that his sentence was within the standard guideline range. *See* Appellant's Brief at 12. Further, the record reflects that the court had the benefit of a pre-sentence investigation report, acknowledged Appellant's history of mental illness and abuse, and noted the need to protect the community from Appellant. *See* N. T., Sentencing, at 11-12; *see also Commonwealth v. Fullin*, 892 A.2d 843, 849–50 (Pa. Super. 2006) (noting that where the sentencing judge has the benefit of a  pre-sentence report it is presumed he was aware of and weighted relevant mitigating statutory factors).

Accordingly, we conclude that Appellant has failed to raise a substantial question that his sentence was excessive. Consequently, a review of the merits of his discretionary challenge is unwarranted.

Judgment of sentence affirmed.

P.J.E Ford Elliott joins.

P.J.E. Stevens files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017