J-S30030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AARON JADEN WEAVER | |
| Appellant | No. 925 MDA 2016 |

Appeal from the Judgment of Sentence April 28, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001913-2015

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                              **FILED JULY 18, 2017**

Appellant, Aaron Jaden Weaver, appeals from the judgment of sentence of two and one-half to six years, imposed April 28, 2016, following an open guilty plea resulting in his conviction for theft by unlawful taking and criminal use of a communication facility.[1]  We affirm.

This sentence was to run consecutive to any other sentence Appellant was presently serving.[2]  Appellant filed a motion for reconsideration of sentence, arguing the sentence was unduly harsh and excessive, as it was in the aggravated range of the sentencing guidelines.  The court denied Appellant's motion.

_____

[1] **See** 18 Pa.C.S. §§ 3921, 7512, respectively.
[2] Appellant was serving a sentence of two and one-half to five years for robbery.  **See** Sentencing Court Opinion (SCO), 12/15/16, at 1-2.

Appellant timely appealed. The court did not direct compliance with Pa.R.A.P. 1925(b), but instead issued a Pa.R.A.P. 1925(a) opinion addressing the discretionary aspects of Appellant's sentence.

On appeal, Appellant raises a single question for our review:

Did the trial court abuse its discretion when imposing a sentence of [thirty] to [seventy-two] months, a sentence within the aggravated range of the sentencing guidelines, where the Appellant's conduct was less than egregious in that no victims were physically harmed, his success in his youth offender programming adequately addressed his rehabilitative needs, and where the Court referenced a prior criminal proceeding Appellant was found "not guilty" of at the sentencing hearing?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013); ***see also*** Pa.R.A.P. 2119(f).

Appellant timely filed a notice of appeal, preserved one of his claims in a post-sentence motion, and included in his brief an appropriate Pa.R.A.P. 2119(f) statement.[3]   We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code and, if so, review the merits.

A substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003).   A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process.  *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).  A claim that a sentence is manifestly excessive may raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was

---

[3] Appellant also contended that the sentencing court acted vindictively in considering a prior acquittal for purposes of Appellant's sentence.  *See* Appellant's Brief at 8.  Appellant cites in support *Commonwealth v. Robinson*, 931 A.2d 15, 20-21 (Pa. Super. 2007).  Appellant did not preserve this claim in his post-sentence motion and, accordingly, has waived it for purposes of appeal.  *See* Pa.R.A.P. 2119(f).  Additionally, we note that *Robinson* and its progeny implicate challenges to the sentence following resentencing.  *See Robinson*, 931 A.2d at 19; *see also Commonwealth v. Tapp*, 997 A.2d 1201, 1203 (Pa. Super. 2010).  In the instant case, Appellant was not following the vacation or remand of his original sentence. Accordingly, *Robinson* is inapposite.

inconsistent with the Code or contrary to its norms. ***Commonwealth v. Mouzon***, 812 A.2d 617, 627-28 (Pa. 2002).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the court's imposition of an aggregate sentence of two and one-half to six years was clearly inappropriate and excessive as to constitute too severe a punishment. ***See*** Appellant's Brief at 8. Appellant contends that ***Mouzon*** establishes a substantial question, as a claim of excessiveness can raise a substantial question that the sentence is inappropriate. However, we note that Appellant must still articulate the manner in which the sentence is inconsistent with the Code or contrary to its norms. ***Mouzon***, 812 A.2d at 627-28.

Appellant's Pa.R.A.P. 2119(f) statement does not identify a specific provision of the Code with which the sentence was inconsistent. Instead, he appears to argue that the court failed to give appropriate weight to several mitigating factors, including Appellant's difficult upbringing, abandonment by his adoptive parents, and good behavior in confinement. ***See*** Appellant's Brief at 7-8.

A defendant's contention that the trial court did not adequately consider mitigating circumstances, without more, does not raise a substantial question. ***See Commonwealth v. Ladamus***, 896 A.2d 592, 596 (Pa. Super. 2006). Here, Appellant acknowledges that his sentence was within the guideline range, if within the aggravated range. ***See*** Appellant's Brief at 6. Further, the record reflects that the court had the benefit of a

- 4 -

pre-sentence investigation report. *See* Notes of Testimony (N.T.), 4/28/16, at 2; *see also Commonwealth v. Fullin*, 892 A.2d 843, 849–50 (Pa. Super. 2006) (noting that where the sentencing judge has the benefit of a pre-sentence report it is presumed he was aware of and weighted relevant mitigating statutory factors).

Accordingly, we conclude that Appellant has failed to raise a substantial question that his sentence was excessive. Consequently, a review of the merits of his discretionary challenge is unwarranted.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017