J-S52022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| REGINALD JAMES GAMBLE | |
| Appellant | No. 402 MDA 2017 |

Appeal from the Judgment of Sentence February 6, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000772-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 18, 2017**

Reginald James Gamble appeals from his judgment of sentence, entered in the Court of Common Pleas of Adams County, following his conviction for delivery of a controlled substance.[1]  Gamble's counsel seeks to withdraw pursuant to **Anders v. California**, 368 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition to withdraw and affirm Gamble's judgment of sentence.

The trial court stated the facts of this case as follows:

On June 15, 2016[,] at approximately 7:30 P.M.[,] Detective Wm. T. Hartlaub of the Conewago Township Police Department met with a confidential informant ("C.I.") at an undisclosed location.  C.I. advised that he/she spoke with Jamie

---

[1] 35 P.S. § 780-113(30)(a).

Smith that day via text message and that Smith stated that she had marijuana and cocaine to sell. C.I. had previously met Smith and had purchased directly from her in the past. On June 15, 2016, C.I. and Smith through text messages and telephone calls made arrangements to meet at the Sunoco Station located at 45 West Hanover Street in Bonneauville Borough, Adams County, PA. Smith agreed to sell C.I. a quarter ounce of marijuana for $120.00 and a half gram of cocaine for $150.00. Prior to the hand[-]to[-]hand buy, Detective Hartlaub searched C.I. and C.I.'s vehicle for any money and/or controlled substance and failed to locate either. At approximately 8:00 P.M.[,] C.I. pulled into the Sunoco Station parking lot with Detective Harlaub as a passenger. Smith was driving her vehicle with an unknown African-American male as her passenger. C.I. approached Smith's vehicle and handed Smith U.S. currency in exchange for a knotted baggie of suspected marijuana and a knotted baggie of suspected cocaine.

C.I. turned over the baggies to police, and police followed Smith's vehicle. Police conducted a traffic stop, and the unknown male in Smith's car was identified as [Gamble]. [Gamble] was searched incident to arrest, and police located a black digital scale and over $200.00 in U.S. currency on his person. Police located the photocopied currency provided to C.I. for the exchange in the center console of Smith's vehicle. Police also located an eye lens contact case containing suspected cocaine in Smith's car. After being read her [*Miranda*[2]] Warnings, Smith confessed that the marijuana was hers and that the cocaine was [Gamble]'s. The substance in the baggie and the eye lens contact case tested positive for the presence of cocaine.

On December 5th, 2016, [Gamble] entered an open guilty plea to Count 1, Delivery of a Controlled Substance, as an ungraded felony. On February 6th, 2017, [Gamble] was sentenced to serve no less than one (1) year nor more than three (3) years in a State Correctional Institution subject to standard conditions. Subsequently, on February 13, 2017, [Gamble] filed a Motion for Reconsideration of Sentence. This Court denied [Gambel]'s Motion for Reconsideration of Sentence

---

[2] *Miranda v. Ariz.*, 384 U.S. 436 (1966).

on February 15, 2017. [Gamble] filed his Notice of Appeal and Concise Statement of Matters Complained of on Appeal on February 28, 2017 and March 20, 2017 respectively.

Trial Court Opinion, 3/23/2017, at 1-2 (footnote removed). The trial court issued its Pa.R.A.P. 1925(a) opinion on March 22, 2017. On May 30, 2017, Gamble's counsel filed a statement of intent to file an *Anders* brief pursuant to Rule 1925(c)(4).

Counsel has filed a petition to withdraw pursuant to the requirements set forth in *Anders* and *Santiago*. Our Supreme Court in *Santiago* held:

> [I]n the *Anders* brief that accompanies court[-]appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; and (3) state counsel's reasons for concluding the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once Counsel has satisfied the procedural requirements of *Santiago*, this Court engages in an independent evaluation of the record to determine if the claims on appeal are wholly frivolous. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005).

Counsel's brief satisfies the necessary procedural requirements. Her brief provides "a summary of the procedural history and facts, with citations to the record." *Santiago*, 978 A.2d at 361; Brief of Appellant, at 7-8. She further provides a review of the record, and raises the issue she believes arguably supports an appeal. *Santiago*, 987 A.2d at 360; Brief of Appellant, at 11-13. Counsel's brief also states her conclusion that the claim is frivolous, and she provides her reasoning for this conclusion. *Santiago*,

978 A.2d at 360; Brief of Appellant, at 11, 13. Lastly, counsel notified Gamble of her request to withdraw and provided him with a copy of the brief and a letter explaining his right to retain new counsel or proceed *pro se* as to any issues he believes might have merit. Counsel having satisfied the procedural requirements for withdrawal, we must now examine Gamble's claim to determine if the claim is frivolous. ***Anders***, 386 U.S. at 744; ***Rojas***, 874 A.2d at 639.

Gamble raises the following issue for our review:

> Whether the Court abused its discretion in sentencing Defendant to no less than one to no more than three [years' incarceration] instead of [sentencing] within the mitigated guideline range.

Brief of Appellant, at 6.

Gamble's only claim is the trial court abused its discretion in not sentencing him without considering his mitigating factors to sentence him within the mitigated guidelines. Gamble's claim involves a discretionary aspect of his sentence. "It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right." ***Commonwealth v. Ladamus***, 896 A.2d 592, 595 (Pa. Super. 2006). Before a challenge to the discretionary aspects of a sentence will be heard on the merits, an appellant must set forth in his brief a separate and concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Pa.R.A.P. 2119(f). An appeal of the discretionary aspects of a sentence will only be granted when there is a substantial question that the sentence imposed was not appropriate under

the Sentencing Code. 42 Pa.C.S. § 9781. Historically, this Court has found a substantial question exists for the purposes of section 9781 when the Pa.R.A.P. 2119(f) statement reveals a plausible argument that procedures followed by the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Goggins**, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*) (citations omitted).

Gamble has included the necessary Rule 2119(f) statement in his brief. In his statement, Gamble argues that there was a substantial question that the trial court abused its discretion in not considering his mitigating factors at the time of sentencing. Brief of Appellant, at 11. We have consistently held that a contention that the trial court did not adequately consider mitigating circumstances does not raise a substantial question sufficient to justify appellant review of the merits of such a claim. **Commonwealth v. Ladamus**, 896 A.2d 592, 595 (Pa. Super. 2006). Therefore, we find that Gamble has not presented a substantial question for our review, and review of the merits of his challenge to the discretionary aspects of his sentence is unwarranted.

In conclusion, we find counsel has satisfied all procedural requirements for withdrawal, and Gamble's sentencing claim is frivolous.

Judgment of Sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2017