J. S66043/18 & J. S66044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARREN JOSEPH ARNOLD, | : | No. 1028 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 9, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0004313-2010,
CP-23-CR-0008017-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARREN JOSEPH ARNOLD, | : | No. 1030 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 9, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0004313-2010,
CP-23-CR-0008017-2016

BEFORE: GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 13, 2018**

Darren Joseph Arnold appeals from the February 9, 2018 judgments of

sentence entered by the Court of Common Pleas of Delaware County

following his conviction of tampering with a public record,

forgery-unauthorized act in writing, forgery-utters forged writing, and impersonating a public servant,[1] and from the trial court's order revoking his probation stemming from appellant's conviction of theft by unlawful taking, receiving stolen property, and conspiracy to commit theft,[2] to which he was originally sentenced on December 6, 2010. Shawn K. Page, Esq. ("Attorney Page"), filed applications to withdraw his appearance on August 16, 2018, alleging that the appeals are wholly frivolous, accompanied by **Anders**[3] briefs. After careful review, we remand.

The relevant procedural history is as follows: On January 25, 2017, the Commonwealth charged appellant with tampering with a public record, forgery-unauthorized act in writing, forgery-utters forged writing, impersonating a public servant, and harassment. The jury convicted appellant of tampering with a public record, both forgery charges, and impersonating a public servant on September 21, 2017. The trial court acquitted appellant of harassment.[4]

On February 9, 2018, the trial court sentenced appellant to an aggregate term of 16-32 months' imprisonment, to be followed by

---

[1] 18 Pa.C.S.A. §§ 4911(a)(2), 4101(a)(2), 4101(a)(3), and 4912, respectively.

[2] 18 Pa.C.S.A. §§ 3921(a), 3925(a), and 903 (a)(1), respectively.

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[4] 18 Pa.C.S.A. § 2709(a)(3).

52 months' probation for the tampering with a public record, impersonating a public servant, and forgery convictions. Immediately after the sentencing hearing, the trial court held a **Gagnon II**[5] hearing to address appellant's violation of the probation stemming from the December 6, 2010 judgment of sentence. The trial court revoked appellant's probation and sentenced him to 6-24 months' imprisonment to be served consecutively to the first sentence imposed. Appellant did not file any post-sentence motions.

On March 12, 2018, appellant filed a **pro se** notice of appeal to this court. Two days later, Attorney Page filed a notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on March 16, 2018. On April 23, 2018, the trial court vacated its March 16, 2018 order and again ordered appellant to file a concise statement of errors complained of on appeal. Appellant failed to do so, and the trial court filed an opinion pursuant to Pa.R.A.P 1925(a) on June 14, 2018.

As noted above, Attorney Page filed applications to withdraw his appearance, accompanied by **Anders** briefs on August 16, 2018. This, however, does not rectify appellant's failure to comply with the trial court's Rule 1925(b) order. Indeed, as noted by a previous panel of this court:

> Generally, the failure to file a Rule 1925(b) Statement would constitute a waiver of all issues. **Commonwealth v. Lord**, [] 719 A.2d 306, 309 ([Pa.] 1998). According to the bright-line rule set

---

[5] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

forth by **Lord**; ". . . in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived." **Commonwealth v. Castillo**, [] 888 A.2d 775, 780 [(Pa. 2005)], **citing Lord**, 719 A.2d at 309.

. . . .

However, it is also notable in this case that Appellant's counsel submitted to this Court a brief and a petition to withdraw pursuant to **Anders v. California** [] and **Commonwealth v. McClendon**, [] 434 A.2d 1185 ([Pa.] 1981).

. . . .

Rule 1925 provides two options which were available to Appellant's counsel at the time the trial court directed him to file a concise statement. Appellant's counsel could have complied with the order and filed a concise statement under Pa.R.A.P. 1925(b), or alternatively, could have filed a statement of intent to file an **Anders**/**McClendon** brief. **See Commonwealth v. Goodwin**, 928 A.2d 287, 293 (Pa.Super. 2007) (**en banc**) (finding that under the newly promulgated Rule 1925, the concise statement filed by appellant's attorney indicating that 'there were no non-frivolous matters that can be raised on appeal', would be accepted by the Court as a statement of intent to file an **Anders**/**McClendon** brief). These options are detailed in the Note to Pa.R.A.P. 1925(c)(4):

> Even lawyers seeking to withdraw pursuant to the procedures set forth in **Anders v. California** [] and **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981) are obligated to comply with all rules, including the filing of a Statement. **See Commonwealth v. Myers**, 897 A.2d

493, 494-496 (Pa.Super. 2006); *Commonwealth v. Ladamus*, 896 A.2d 592, 594 (Pa.Super. 2006). However, because a lawyer will not file an *Anders*/*McClendon* brief without concluding that there are no non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors have been raised because the lawyer is (or intends to be) seeking to withdraw under *Anders*/*McClendon*. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

Pa.R.A.P 1925 at Note (2007) (emphasis added).

. . . .

In sum, this Court cannot conduct a review under *Anders* because we do not have a complete record. "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." [*Commonwealth v.*] *Preston*, 904 A.2d [1,] 7 [(Pa.Super.2006)], *citing Commonwealth v. O'Black*, 897 A.2d 1234, 1240 ([Pa.Super.] 2006). Furthermore, absent the proper filing of any statement of record by counsel, this Court cannot properly consider counsel's request to withdraw.

*Commonwealth v. McBride*, 957 A.2d 752, 755-758 (Pa.Super. 2008).

Accordingly, we deny Attorney Page's applications to withdraw and remand for the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) or a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). Either statement must be

filed with the trial court within 30 days of the date of this memorandum. Should counsel elect to file a concise statement of errors complained of on appeal, the trial court shall file a supplemental Rule 1925(a) opinion within 30 days of service of appellant's concise statement. Should counsel elect to file a statement of intent to file an **Anders** brief, a supplemental opinion from the trial court shall not be required, and the supplemental trial court record shall be certified and transmitted back to this court.

Applications to withdraw denied. Case remanded for further proceedings consistent with this memorandum. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/18