J-S43011-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GABRIEL OMAR ROSA-DIAZ | |
| Appellant | No. 1599 WDA 2017 |

Appeal from the Judgment of Sentence imposed August 18, 2017
In the Court of Common Pleas of the 37th Judicial District
Forest County Branch
Criminal Division at No: CP-27-CR-0000005-2017

BEFORE:  STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:               FILED JANUARY 25, 2019

Appellant, Gabriel Omar Rosa Diaz, appeals from the judgment of sentence imposed in the Court of Common Pleas of the 37th Judicial District, Forest County Branch, on August 18, 2017.  Counsel has filed a brief and petition to withdraw pursuant to Anders. v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

The facts of the case are undisputed.  Briefly, on June 28, 2017, Appellant pled guilty to criminal mischief and dangerous burning.  On August 18, 2017, Appellant was sentenced to a period of incarceration of 6 months to 1 year, to run concurrently to the sentence he was serving at that time.

Appellant filed a motion for reconsideration, which the trial court denied after argument on October 4, 2017. This appeal followed.

On appeal, counsel filed an Anders brief challenging the discretionary aspects of Appellant's sentence. Specifically, Appellant argues the sentence was unreasonable excessive, considering Appellant's low prior record score and the circumstances surrounding the crimes.

Before we address the merits of the challenge, we must consider the adequacy of counsel's compliance with Anders and Santiago. Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under Anders, counsel must file a brief that meets the requirements established by our Supreme Court in Santiago. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief.

Commonwealth v. Orellana, 86 A.3d 877, 879–80 (Pa. Super. 2014).

Upon review of the record, we conclude counsel has satisfied the requirements set forth in Anders and Santiago.[1]

Having determined that the Anders and Santiago requirements are satisfied, it is incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

The issue raised on appeal, namely, excessiveness of sentence, involves the discretionary aspects of Appellant's sentence. See, e.g., Commonwealth v. Ahmad, 961 A.2d 884, 886 (Pa. Super. 2008). As such, Appellant does not enjoy an absolute right to appeal but must present a substantial question to this Court that his sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. Commonwealth v. Boyer, 856 A.2d 149, 152 (Pa. Super. 2004).

_____

[1] We previously denied counsel's petition to withdraw and remanded to the trial court for counsel to file a proper Anders brief or an advocate brief because the record was not clear whether counsel had properly advised Appellant of his rights in connection with counsel's petition to withdraw. See Commonwealth v. Rosa-Diaz, No, 1599 EDA 2017, unpublished memorandum at 3-4 (Pa. Super. filed October 22, 2018) Counsel filed an application for reconsideration of our memorandum, addressing our concerns pertaining to the apparently missing information. The application to withdraw is now complete, and ripe for our consideration.

Here, Appellant merely alleges that the sentence was unreasonably excessive, without identifying how the sentence imposed violates the Sentencing Code or the sentencing process. Lacking any support in the facts or the law, we must conclude that Appellant failed to raise a substantial question. See, e.g., Commonwealth v. Bromley, 862 A.2d 598, 604 (Pa. Super. 2004) (explaining defendant did not raise a substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by the sentence), appeal denied, 881 A.2d 818 (Pa. 2005).

We also note that the record reveals that the sentencing court was fully aware of Appellant's prior record score and the circumstances surrounding the crimes. N.T. Sentencing, 8/18/17, at 16. It is clear, therefore, that the sentencing court considered all circumstances, including those mentioned by Appellant. Appellant, however, seems to argue that the sentencing court should have weighed those mitigating circumstances in a more favorable light to Appellant. We disagree.

It is well-settled that mere dissatisfaction with the sentencing court's weighing of sentencing considerations is not sufficient to raise a substantial question for our review. Moury, 992 A.2d at 175; see also Commonwealth v. Cannon, 954 A.2d 1222, 1229 (Pa. Super. 2008) (a claim of inadequate consideration of mitigating circumstances does not raise a substantial question

for review); Commonwealth v. Ladamus, 896 A.2d 592, 595 (Pa. Super. 2006) (same).

We have conducted an independent review of the record and addressed Appellant's argument on appeal. Based on our conclusions above, we agree with counsel that the issue Appellant seeks to litigate in this appeal is wholly frivolous. Additionally, we do not discern any non-frivolous issues that Appellant could have raised. In light of the foregoing, we grant counsel's petition to withdraw and affirm his judgment of sentence.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2019