J-S54023-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVON ANTONE MCLAURIN | : | |
| | : | |
| Appellant | : | No. 185 WDA 2018 |

Appeal from the Judgment of Sentence November 20, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002052-2017

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                         FILED OCTOBER 3, 2018

Davon Antone McLaurin appeals nunc pro tunc from his judgment of sentence, entered in the Court of Common Pleas of Erie County, following his conviction for recklessly endangering another person (REAP),[1] discharge of a firearm into occupied structure,[2] and person not to possess firearms.[3] McLaurin challenges the discretionary aspects of his sentence. We affirm.

The facts of this case are as follows: On April 30, 2017, at 1:43 a.m., Detective Michael Hertel of the Erie Police Department was dispatched to the Kwik Fill store, located on the 1100 block of East Lake Road, for multiple 911

_____

[1] 18 Pa.C.S. § 2705.

[2] 18 Pa.C.S. § 2707.1.

[3] 18 Pa.C.S. § 6105.

calls reporting shots fired in the area. Detective Hertel investigated the incident, studying the scene subsequent to the dispatch call and observing the physical evidence of gun shell casings, blood, and finger/palm prints. Detective Hertel also received a surveillance video from the Kwik Fill store; the video was subsequently shown at McLaurin's preliminary hearing.[4] The video depicts a male, later identified as Markcail Williams, approach a group of people, including McLaurin, and fire a gun multiple times. McLaurin then fires back, "shooting at Markcail Williams, shooting at or strik[ing] the Chevy Malibu in the parking lot with three occupants, and also striking or shooting Dominique Selby's vehicle, the red GMC Terrain, while she was present inside the vehicle," and firing into an occupied home. N.T. Preliminary Hearing, 7/3/17, at 27.

On October 3, 2017, McLaurin entered an open guilty plea to REAP (Count 6), discharge of a firearm into occupied structure (Count 11), and person not to possess firearms (Count 13). On November 20, 2017, McLaurin was sentenced to 12-24 months' incarceration for Count 6; 42-84 months' incarceration for Count 11, to run concurrently with Count 6; and 60-120 months' incarceration for Count 13, to run consecutively to Count 11 – for an aggregate sentence of 102-204 months' incarceration. At the sentencing hearing, the court acknowledged that McLaurin "accepted responsibility by way of the plea." N.T. Sentencing Hearing, 11/20/17, at 12. On January 16,

_____

[4] This preliminary hearing was also held with McLaurin's co-defendant, Markcail Williams.

2018, Attorney Emily M. Merski entered her appearance for McLaurin and filed a motion to reinstate his appellate rights when his appellate rights had expired prior to her appointment and after McLaurin's former attorney had been granted leave to withdraw. See Motion to Reinstate Appellate Rights, 1/16/18, at 2.

McLaurin filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. He challenges the discretionary aspects of his sentence, claiming, with boilerplate language, that his "sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code." Appellant's Brief, at 3.

Our standard of review regarding challenges to the discretionary aspects of sentencing is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgement. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Gonzalez, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

The right to appeal the discretionary aspects of a sentence is not absolute. See Commonwealth v. McAfee, 849 A.2d 270, 274 (Pa. Super.

2004). To determine if this Court may review the discretionary aspects of a sentence, we employ a four-part test:

> (1) whether appellant has timely filed notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect [by failing to include a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentencing pursuant to], Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006) (citation omitted).

Instantly, McLaurin was sentenced on November 20, 2017, filed an unsuccessful post-sentence motion on November 28, 2017, had his appellate rights reinstated on January 19, 2018, and filed a timely notice of appeal on February 1, 2018. McLaurin has also preserved his sentencing issue,[5] requesting that the court reconsider the sentence and allow the sentences to run concurrently because he accepted responsibility by taking a plea and used a weapon only in self-defense. Finally, McLaurin includes a Rule 2119(f) statement in his appellate brief.

---

[5] In his appellate brief, McLaurin asserts that the trial court failed to consider his age at the time of the offenses. However, he did not raise this issue at sentencing or in his post-sentence motion. Thus, we find this issue is waived. Evans, supra.

As to the fourth prong of the Evans test, we note that an appeal will only be granted when there is a substantial question that the sentence imposed was not appropriate under the Sentencing Code. 42 Pa.C.S. § 9781. "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the Sentencing Code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013). McLaurin asserts that the sentencing court abused its discretion by failing to consider running all of his sentences concurrently and, thus, "increased the time of incarceration notwithstanding the mitigating factors of his case." See Appellant's Brief, at 7. Specifically, McLaurin argues that the court did not consider: (1) that he took responsibility by accepting a plea—sparing the victims from testifying and the Commonwealth from exhausting useful time and resources, and (2) that he used a weapon only in self-defense.

A sentencing court is given wide discretion in determining whether a defendant is given sentences concurrently or consecutively and a challenge to the "exercise of this discretion is ordinarily not a substantial question." Commonwealth v. Pass, 914 A.2d 442, 447 (Pa. Super. 2006). Additionally, while "the aggregation of many standard range sentences" may render a sentence excessive, here, only one count, Count 13, runs consecutively to another, Count 11, while Count 6 and 11 run concurrently. Commonwealth v. Marts, 889 A.2d 608, 613 (Pa. Super. 2005). Our appellate courts have

routinely held that general "excessiveness challenges" and routine claims that sentencing courts have failed to properly consider the facts of the case or sentencing factors in the manner advocated by the defendant do not raise the requisite substantial question especially where, as here, the sentencing judge has been informed by a pre-sentence investigation report (PSI) and the record demonstrates that the judge considered applicable sentencing factors. See Commonwealth v. Downing, 990 A.2d 788 (Pa. Super. 2010). Moreover, where a sentence is within the standard range of the sentencing guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. Commonwealth v. Cruz-Centeno, 668 A.2d 536 (Pa. Super. 1995). Here, the trial court had the benefit of a PSI before it imposed McLaurin's sentence which was within the mitigated-to-standard ranges of the guidelines.

We have consistently held that a trial's court lack of adequate consideration of mitigating circumstances does not raise a substantial question. Commonwealth v. Ladamus, 896 A.2d 592, 595 (Pa. Super. 2006); see also Commonwealth v. Dalberto, 648 A.2d 16, 22 (Pa. Super. 1994) (declining to find substantial question where mitigating factors such as "particular circumstances" of offenses and defendant's cooperation with authorities were present). Additionally, when a sentencing court, like the court here, does consider mitigating factors such as the defendant taking responsibility for his actions, a defendant has not raised a substantial

question. Commonwealth v. Bowen, 55 A.3d 1254, 1264 (Pa. Super. 2012).

In conclusion, we find that McLaurin has failed to raise a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).[6] Thus, he has failed to invoke this Court's power to review the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2018

_____

[6] Even if McLaurin had raised a substantial question, we would not find that the court abused its discretion in sentencing him. Specifically, the trial court stated that it recognized that McLaurin "accepted responsibility by way of the plea," reviewed a PSI, and noted McLaurin's significant criminal history. N.T. Sentencing Hearing, 11/20/17, at 12-13.